Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7345 | **DATE** | 6/19/2003 |
| **CASE TITLE** | For Your Ease Only, Inc. vs. Calgon Carbon Corporation et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Lori Greiner's motion to dismiss the counterclaim [29-1] is denied. Calgon's limited objection to Magistrate Judge Nolan's order regarding plaintiff's motion to compel documents [90-1] is denied as moot. The case is remanded to Magistrate Judge Nolan for reconsideration of the issue of waiver of the attorney-client privilege due to disclosure to a third party.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALGON CARBON CORPORATION, a ) <br> Delaware corporation, PRODUCT ) <br> CONCEPTS COMPANY, a corporation, ) <br> and MARK SCHEIDER, an individual, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> CALGON CARBON CORPORATION, a ) <br> Delaware corporation, ) <br> ) <br> Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FOR YOUR EASE ONLY, INC., an Illinois ) <br> corporation, and LORI GREINER, an ) <br> individual, ) <br> ) <br> Counterclaim Defendants. ) | Case No. 02 C 7345 <br><br> Wayne R. Andersen <br> District Judge <br><br><br> DOCKETED <br><br> JUN 2 0 2003 |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Counterclaim Defendant Lori Greiner to dismiss the Counterclaims asserted against her. This case is also before the Court on defendant/counter-plaintiff Calgon Carbon Corporation's ("CCC") limited objections to Magistrate Judge Nolan's ruling on plaintiff's motion to compel documents. For the following reasons, we deny Greiner's motion to dismiss. We deny in part CCC's limited objections to Magistrate Judge Nolan's ruling on the issues of "prior art" and "materiality," and remand the case back to Magistrate Judge Nolan for reconsideration of the waiver of the attorney-client

privilege issue in light of new evidence.

## BACKGROUND

This is an action relating to U.S. Patent No. 6,412,628 ("the '628 patent") owned by defendant/counter-plaintiff Calgon Carbon Corporation ("CCC"). The '628 patent claims an "Apparatus For Preventing The Formation Of Metal Tarnish," and employs a carbon-based technology to prevent tarnish from forming on items such as jewelry. A variety of consumer products are sold by CCC employing the technology claimed in the '628 patent, in particular jewelry boxes marketed under the "PreZerve" trademark.

Plaintiff/counter-defendant, For Your Ease Only, Inc. ("FYEO") markets and sells a product known as the "Silver SafeKeeper," an anti-tarnish jewelry box which is currently at issue in this litigation. Both CCC and FYEO have marketed their products using the services of the QVC Shopping Network ("QVC"), which is carried by numerous cable outlets throughout the country, and which maintains a website on which the products it markets can be purchased. FYEO's co-founder and President, Lori Greiner, has personally appeared on QVC television to promote the sale of FYEO's Silver Safekeeper products, and FYEO's Silver Safekeeper products are all advertised on the QVC website as the "Silver Safekeeper by Lori Greiner."

After becoming aware of the Silver Safekeeper product, CCC launched an investigation and became concerned that the product would infringe the technology claimed in the '628 patent. CCC informed both FYEO and QVC of its concerns. FYEO later filed suit in this Court seeking a declaratory judgment of noninfringement and invalidity of the '628 patent, along with a claim for tortious interference with contractual relations based on CCC's discussions with QVC. CCC

then filed a counterclaim for infringement of the '628 patent against FYEO and Lori Greiner individually.

## DISCUSSION

I. <u>Greiner's Motion To Dismiss</u>

When considering a motion to dismiss, all well-pleaded allegations in the complaint or counterclaim are accepted as true. *Turner/Ozane v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

Ms. Greiner has moved, pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the counterclaim against her, arguing that CCC has not set forth allegations sufficient to implicate her individually. Specifically, Greiner argues that CCC has failed to plead the "special showing" required to pursue an infringement claim against an individual based on the acts of a corporation. We disagree.

The Seventh Circuit, in the seminal case of *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (1926), discussed whether corporate officers could be held personally liable for infringement by their corporations. The Seventh Circuit held that, absent some "special showing", the officers of a corporation are not liable for the infringements of the corporation, even though such infringements were committed under their direction, if they acted within the scope of their duties. The "special showing" required to pursue an infringement claim against an individual based on the acts of a corporation is the following:

3

> It is when the officer acts willfully and knowingly--that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability--that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held liable, but they are sufficient for the present case.

*Dangler*, 11 F.2d at 947.

*Dangler* is still the law of the Seventh Circuit and has been applied to trademark and patent cases. *See, e.g., Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc.*, 468 F.2d 225 (7th Cir.1972); *Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F.Supp.2d 1009 (N.D.Ill.1998); *Cooper Indus. Inc. v. Juno Lighting Inc.*, 1 U.S.P.Q.2d 1313 (N.D.Ill.1986).

In addition to the factors in *Dangler*, a plaintiff can meet the "special showing" requirement by pleading that the defendant was "the founder, president, and majority shareholder of [the defendant corporation] and the 'moving force' behind [the defendant corporation's] alleged infringing activities" and had " 'willfully and deliberately induced, aided and abetted the past and continuing infringement.' " *Cooper Indus.*, 1 U.S.P.Q.2d at 1314. The "special showing" is also made in situations where the defendant "paid for nearly all the outstanding stock, ... [and] lent [the defendant corporation] substantial sums when it was in need of money." *Adventures in Good Eating v. Best Places to Eat*, 131 F.2d 809, 813 (7th Cir.1942).

Courts have held that plaintiffs have failed to meet the "special showing" requirement when the individual defendant has done nothing beyond the scope of his duties as officer and the corporation "was not organized to permit [the individual defendant] to profit from infringement or hide his personal liability under a corporate shell" so that the alleged infringement was not

4

willful. *Powder Power Tool*, 230 F.2d at 414.

Contrary to Greiner's assertions, we find that CCC has alleged the "special showing" required to pursue an infringement claim against Greiner based on the allegedly infringing acts of FYEO. The Counterclaim alleges that Greiner is the co-founder and President of FYEO who "may be doing business with respect to infringing products . . . either directly or through the control of FYEO." It is further alleged that Ms. Greiner personally imported, manufactured, and offered the allegedly infringing product for sale. Moreover, it is claimed that Ms. Greiner personally appeared on the QVC promoting the allegedly infringing product and the QVC website advertises the product as the "Silver Safekeeper by Lori Greiner."

These allegations could support the inference that Greiner "personally participates in the manufacture or sale of the infringing article (acts other than as an officer), ... uses the corporation as an instrument to carry out his own willful and deliberate infringements, or ... knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." *See Dangler*, 11 F.2d at 947.

Thus, at this juncture, assuming all well-pleaded facts to be true and drawing all inferences in favor of CCC, we find that the allegations in the Counterclaim are sufficient to state a claim for personal liability against Ms. Greiner for the alleged infringement. *See Peaceable Planet, Inc. v. Ty, Inc.*, 185 F. Supp.2d 893 (N.D. Ill. 2002) (corporate officer can be personally liable when he personally participates in the manufacture or sale of the allegedly infringing article); *Sethness-Greenleaf, Inc. v. Green River Corp.*, 1994 WL 67830, at *7 (N.D.Ill. Feb. 11, 1994) (noting that a corporate officer who personally participates in the infringing activity is personally liable for the infringement); *Sparks Tune-Up Ctrs., Inc. v. Panchevre*, 1992 WL

211029, at *6 (N.D.Ill. Aug. 21, 1992) (recognizing that a corporate officer is individually liable for trademark infringement when he "performs the act or does the things that the patent or trademark law protects against");*Cooper Indus., Inc. v. Juno Lighting, Inc.*, 1 U.S.P.Q.2d 1313 (N.D.Ill.1986), aff'd, 1987 WL 38103 (Fed.Cir.1987) (complaint sufficiently alleged personal liability where it alleged that the individual defendant was the founder, president, and majority shareholder of the company and the moving force behind the infringing activities and that his part in the infringing actions was willful).

For these reasons, Ms. Greiner's motion to dismiss is denied.

II. CCC's Objections To Magistrate Judge Nolan's Ruling

Defendant/Counter-plaintiff CCC has filed limited objections to Magistrate Judge Nolan's April 24, 2003 ruling. Magistrate Judge Nolan's order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Seventh Circuit has explained the standard as follows:

> The district court's view of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: 'The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous of contrary to law.'

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.

In its objections, CCC first seeks a vacation of Magistrate Judge Nolan's findings that the sales of activated carbon cloth by CCC qualify as prior art under the Patent Act and that these sales, along with the inventor's prior knowledge of a product known as the 3M Silver Protector

6

Strips, would have been material to the decision of the PTO to grant the '628 patent. CCC allegedly withheld certain prior art documents from the Patent and Trademark Office ("PTO") during the prosecution of its patent-in-suit. Magistrate Judge Nolan found that certain documents in CCC's possession prior to filing the patent application were material to the patentability of the claims. However, Magistrate Judge Nolan found that there was conflicting evidence of CCC's intent to conceal this art from the PTO and, therefore, the Magistrate Judge reserved a final ruling on the issue of fraud.

Despite the Magistrate Judge's clear indication that "its findings on these issues are not final," CCC objects to certain aspects of Magistrate Judge Nolan's non-final findings on the issue of fraud. During a May 15, 2003 appearance before this Court, we ruled that the Magistrate Judge's findings on "prior art" and "materiality" are non-final and non-binding for the purposes of future litigation of these issues. Therefore, this objection to the Magistrate Judge's ruling is denied as moot.

Next, CCC seeks a reversal of the Magistrate Judge's finding that the attorney-client and work-product privileges have been waived by the disclosure of certain information to the other co-defendants in the case, Product Concepts Company ("PCC") and its President, Mark Schneider prior to the filing of this lawsuit. CCC disclosed these documents to Mark Schneider, the President of PCC. Magistrate Judge Nolan found that the documents which CCC disclosed to Mr. Schneider prior to the initiation of this lawsuit were not privileged. CCC objects to this ruling.

In its objections, CCC attempts to introduce new evidence in support of its position. This new evidence is the deposition testimony of Mark Schneider. In reviewing a magistrate judge's

7

nondispositive order for clear error, a district court may only properly consider the evidence that was before the magistrate judge at the time of the order. *See SmithKline Beecham Corp. v. Apotex Corp.*, 2000 U.S. Dist. LEXIS 13607 at *7 (N.D. Ill., Sept. 12, 2000). "If we were to permit the introduction of new evidence at this stage, we would essentially be conducting an impermissible de novo review of the order." *Id.* In this case, since there is no evidence that this new evidence was ever submitted to Magistrate Judge Nolan, it is not properly before us on the appeal of Magistrate Judge Nolan's order. However, because this new evidence could be relevant to deciding this important issue, we remand this case to Magistrate Judge Nolan for reconsideration of this issue in light of Mr. Schneider's deposition testimony.

For these reasons, we deny CCC's objection to Magistrate Judge Nolan's April 24, 2003 order on the issue of "prior art" and "materiality." We remand this case to Magistrate Judge Nolan for reconsideration of the issue of the attorney client privilege waiver due to disclosure of documents to a third party, in light of Mr. Schneider's deposition testimony.

## CONCLUSION

For the reasons stated above, Counterclaim Defendant Lori Greiner's Motion to Dismiss the Counterclaim (# 29) is denied. Defendant/Counterclaim plaintiff Calgon Carbon Corporation's limited objection to Magistrate Judge Nolan's order regarding plaintiff's motion to compel documents (#90) is denied as moot on the issue of prior art and materiality, and the case is remanded to Magistrate Judge Nolan for reconsideration of the issue of waiver of the attorney-

client privilege due to disclosure to a third party.

It is so ordered.

/s/ Wayne R. Andersen
Wayne R. Andersen
United States District Judge

Dated: June 19, 2013