# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7345 | **DATE** | 8/11/2003 |
| **CASE TITLE** | For Your Ease Only, Inc. vs. Calgon Carbon Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order; for the reasons stated in attached Memorandum Order and Opinion, For Your Ease Only, Inc's motion to compel the production of communications before 10/11/02 that were distributed to Mark Schneider is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 12 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 117 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 12 AM 8:12 | AUG 12 2003 date mailed notice | |
| mm | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CALGON CARBON CORPORATION and )<br>PRODUCT CONCEPTS COMPANY and )<br>MARK SCHNEIDER )<br>)<br>Defendants. )<br>)<br>CALGON CARBON CORPORATION )<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>FOR YOUR EASE ONLY, INC. and )<br>LORI GREINER )<br>Counterclaim Defendants. ) | No. 02 C 7345<br>Magistrate Judge Nan R. Nolan<br><br>**DOCKETED**<br><br>AUG 1 2 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff For Your Ease Only, Inc. ("FYEO") filed suit against Calgon Carbon Corporation ("Calgon"), Product Concepts Company ("PCC"), and PCC President Mark Schneider seeking, among other things, a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,412,628 held by Calgon. FYEO also has claims for tortious interference and unfair competition based on statements allegedly made by Calgon and Schneider to FYEO's largest customer, the QVC Shopping Network ("QVC"). This matter is now before the Court on remand from the district court to reconsider, in light of new evidence, whether Calgon waived the attorney-client privilege with respect to communications before October 11, 2002 which were

117

distributed to Schneider. For the reasons set forth below, the Court again finds that the privilege has been waived.

## BACKGROUND[1]

On February 14, 2003, FYEO filed a motion to compel the production of documents withheld by Calgon on the grounds of privilege. In support of its motion, FYEO argued, in part, that documents disclosed to Schneider, a third party outside of Calgon, could not be withheld under a claim of attorney-client privilege. Calgon asserted the "joint defense" or "common interest" privilege and produced a written Joint Defense, Confidentiality and Tolling Agreement executed on March 6, 2003, the day Calgon filed its response to FYEO's motion to compel. The agreement's stated effective date was October 11, 2002, the date FYEO filed this lawsuit. On April 24, 2003, this Court found, among other things, that communications prior to October 11, 2002 were not privileged because Calgon failed to establish that it had a joint defense agreement with Schneider and PCC prior to that date.

On May 9, 2003, Calgon filed limited objections with the district court, arguing in relevant part that new deposition testimony from Schneider demonstrated that the parties did in fact have an informal joint defense agreement prior to October 11, 2002. The district court remanded the issue to this Court for reconsideration in light of Calgon's new evidence.

## DISCUSSION

"The general rule is that material which is otherwise privileged is discoverable if it has been disclosed to a third party." *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 152 F.R.D.

---

[1] For further background, see *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C 7345, 2003 WL 1989611 (N.D. Ill. Apr. 28, 2003), and *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C 7345, 2003 WL 21475905 (N.D. Ill. June 20, 2003).

2

132, 139 (N.D. Ill. 1993). An exception to this rule applies when a third party shares a common interest with the disclosing party which is adverse to that of the party seeking discovery. *Id.* at 140. This exception is known as the "common interest" or "joint defense" doctrine. This doctrine "generally allows a defendant to assert the attorney-client privilege to protect his statements made in confidence not only to his own lawyer, but to an attorney for a co-defendant for a common purpose related to the defense of both." *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997) (internal quotations and citations omitted). To maintain the privilege, the common interest must relate to a litigation interest, and not merely a common business interest. *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 689 F. Supp. 841, 845 (N.D. Ill. 1988). The burden of demonstrating the existence of a joint defense agreement falls on the person claiming it. *Ocean Atlantic Development Corp. v. Willow Tree Farm, L.L.C.*, No. 01 C 5014, 2002 WL 649043, *5 (N.D. Ill. Apr. 19, 2002).

This Court previously found that Calgon waived the attorney-client privilege with respect to communications before October 11, 2002 that were distributed to Schneider because there was no evidence that the parties had a joint defense agreement in place at that time. Significantly, the parties executed a written agreement on March 6, 2003 and chose a retroactive effective date of October 11, 2002. In its objections to the district court, Calgon argued that the Court improperly required proof of a written agreement before October 11, 2002, and that the parties had a verbal understanding at that time which sufficed for purposes of the joint defense privilege. Def. Obj., pp. 5-6; *United States v. Stepney*, 246 F. Supp. 2d 1069, 1079-80 n.5 (N.D. Cal. 2003) ("[n]o written agreement is generally required to invoke the joint defense privilege"). Contrary to Calgon's assertion, this Court did not find that Calgon was required to produce a written

agreement covering communications before October 11, 2002. Nor did the Court find that the joint defense privilege cannot extend to pre-litigation communications. Def. Obj., p. 6. Rather, the Court determined that in light of the written agreement's stated effective date, Calgon failed to meet its burden of demonstrating the existence of a joint defense agreement or understanding before the lawsuit was filed on October 11, 2002. The Court now affirms that conclusion.

As evidence of the alleged verbal understanding, Calgon offered the written joint defense agreement and the deposition testimony of Robert O'Brien, a senior vice president for Calgon. The written agreement states that "the parties have previously agreed generally to proceed with a joint defense effort in connection with the Litigation and now wish to memorialize that agreement in writing." Def. Opp. to Motion to Compel, Ex. G. The "Litigation" is defined as the lawsuit filed on October 11, 2002. Given that the parties executed the agreement on March 6, 2003, the reference to memorializing a "previous" agreement made "in connection with the Litigation" logically extends back to October 11, 2002, the chosen effective date of the agreement. Indeed, the parties could have selected an earlier effective date if that would have been a more accurate reflection of when their "verbal understanding" truly began. As for O'Brien, he stated that he "knew we were exchanging information" before the parties executed a written agreement on March 6, 2003. O'Brien Dep., p. 49. However, he gave no indication that the parties exchanged any information before October 11, 2002, or that they had any verbal understanding to proceed with a joint defense before that date.

In its objections to the district court, Calgon presented newly obtained deposition testimony from Schneider which purportedly demonstrates a verbal understanding extending back before October 11, 2002. Specifically, Schneider testified as follows:

4

> Q: I'll just follow up on one other issue. Did you enter some sort of an agreement with Calgon regarding having a common defense in this lawsuit?
>
> A: Meaning what, that our efforts would be together?
>
> Q: Yeah. We can use that definition.
>
> A: I don't know if we entered into it in writing, but we verbalized it to a degree because we were involved from the beginning in this together, and I was always under the impression together that this was a joint effort.

Schneider Dep., pp. 358-59. The Court disagrees that this testimony is evidence that a verbal understanding was in place before the lawsuit was filed.

First, it is not clear what Schneider meant when he said "this" was a joint effort. He may have been referring to the entire marketing relationship, the general patent dispute, or the specific lawsuit. Indeed, the question posed was whether the parties had a "common defense *in this lawsuit*." Similarly, Schneider asserts that "we were involved from the beginning in this together," but the beginning of what, exactly, he does not say. In fact, the only clear time reference in this exchange is the lawsuit, which was filed on October 11, 2002. In light of the parties' decision to enter into a written agreement with an effective date retroactive only to October 11, 2002, the Court does not believe Calgon has met its burden of demonstrating the existence of a joint defense agreement or understanding before that date.

Calgon argues that even if the parties did not have an agreement or understanding in effect before October 11, 2002, communications during that period are nonetheless privileged because the parties shared common counsel and had common interests. However, Calgon's own cases establish that parties must demonstrate "actual cooperation toward a common legal goal" and not merely common representation or common interests. *Strougo v. BEA Associates*, 199

F.R.D. 515, 520 (S.D.N.Y. 2001). *See also Medcom Holding Co.*, 689 F. Supp. at 844-45 (communications with jointly retained counsel are privileged if they contain "material that is part of a joint defense effort"); *Evans*, 113 F.3d at 1467 (joint defense privilege or common interest rule "serves to protect the confidentiality of communications . . . *where a joint defense effort or strategy has been decided upon and undertaken* by the parties and their respective counsel") (emphasis added). Calgon has failed to make such a showing here.

Calgon finds it significant that the backdated March 6, 2003 agreement states that "Calgon's current litigation counsel was acting in direct representation of PCC and Schneider in all matters regarding the instant dispute at all times prior to" October 11, 2002. Def. Reply in Support of Obj., pp. 7-8. However, the agreement conspicuously omits any statement that PCC, Schneider and Calgon were working together toward a common goal before that date and, as noted, Calgon has not cited any authority for the proposition that merely having the same attorneys is sufficient to assert the joint defense privilege. Similarly, Schneider testified that he deferred to "Calgon's counsel" regarding issues of patent interpretation and validity, but he never stated that Calgon's counsel were pursuing a joint defense for him and Calgon prior to October 11, 2002.

As for the parties' common interest, the Court previously found that Calgon and Schneider are both defending against similar claims in FYEO's lawsuit – *i.e.*, that they made false allegations to QVC regarding whether FYEO's anti-tarnish jewelry box infringed Calgon's patent – and, thus, have the same interest in showing that Calgon's patent is valid, enforceable, and infringed by FYEO. *See For Your Ease Only*, 2003 WL 1989611, at \*4. In its reply brief before the district court, Calgon produced a letter from FYEO's counsel to Calgon's counsel

dated June 7, 2002 which raises the issue of tortious interference. Def. Reply in Support of Obj., Ex. A. However, the letter nowhere mentions Schneider or PCC, and Calgon later distanced itself from Schneider on this claim by making it clear that he was not authorized to speak on behalf of Calgon with respect to any patent issues. Letter dated 9/24/02, Ex. 6 to Lauer Decl. As stated earlier, absent some showing that the parties were pursuing a joint defense strategy in relation to their common interest before October 11, 2002, Calgon has not met its burden of establishing a joint defense privilege before that date.

In sum, after carefully reviewing Calgon's new evidence, together with all of the parties' submissions, the Court again finds that Calgon has not met its burden of establishing a joint defense agreement or understanding with PCC and Schneider before October 11, 2002. Thus, the Court affirms its earlier conclusion that communications before October 11, 2002 that were distributed to Schneider are not protected by the attorney-client privilege.

## CONCLUSION

For the reasons stated above, For Your Ease Only, Inc.'s motion to compel the production of communications before October 11, 2002 that were distributed to Mark Schneider is granted.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: August 11, 2003