# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7345 | **DATE** | 9/16/2003 |
| **CASE TITLE** | For Your Ease Only, Inc. vs. Calgon Carbon Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The PCC defendants' motion for summary judgment [42-1] pursuant to FRCP 56 is granted in part and denied in part. Judgment is entered in favor of defendants Product Concepts Company and Mark Schneider on Counts III, IV and V of plaintiff's complaint. The motion is denied in all other respects.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 128 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 7345 |
| ) | |
| CALGON CARBON CORPORATION, ) | Wayne R. Andersen |
| PRODUCT CONCEPTS COMPANY ) | District Judge |
| and MARK SCHNEIDER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ——————————————— ) | |
| ) | |
| CALGON CARBON CORPORATION, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOR YOUR EASE ONLY, INC., and ) | |
| LORI GREINER, ) | |
| ) | |
| Counterclaim Defendants. ) | |

DOCKETED
SEP 1 8 2003

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the motion of two of the defendants, Product Concepts Company and Mark Schneider ("PCC defendants"), for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This is an action relating to U.S. Patent No. 6,412,628 ("the '628 patent") owned by defendant/counter-plaintiff Calgon Carbon Corporation ("CCC"). The '628 patent claims an "Apparatus For Preventing The Formation Of Metal Tarnish," and employs a carbon-based

128

technology to prevent tarnish from forming on items such as jewelry. A variety of consumer products are sold by CCC employing the technology claimed in the '628 patent, in particular jewelry boxes marketed under the "PreZerve" trademark.

Plaintiff/counter-defendant, For Your Ease Only, Inc. markets and sells a product known as the "Silver SafeKeeper," an anti-tarnish jewelry box which is currently at issue in this litigation. Both CCC and plaintiff have marketed their products using the services of the QVC Shopping Network ("QVC"), which is carried by numerous cable outlets throughout the country, and which maintains a website on which the products it markets can be purchased. Plaintiff's co-founder and President, Lori Greiner, has personally appeared on QVC television to promote the sale of For Your Ease Only's Silver Safekeeper products, and it's Silver Safekeeper products are all advertised on the QVC website as the "Silver Safekeeper by Lori Greiner."

After becoming aware of the Silver Safekeeper product, CCC launched an investigation and became concerned that the product would infringe the technology claimed in the '628 patent. CCC informed both plaintiff and QVC of its concerns. Plaintiff later filed suit in this Court seeking a declaratory judgment of noninfringement and invalidity of the '628 patent, along with a claim for tortious interference with contractual relations based on CCC's discussions with QVC. CCC then filed a counterclaim for infringement of the '628 patent against plaintiff and Lori Greiner individually.

There are five counts pending against the PCC defendants and Calgon Carbon Corporation. Count I asserts tortious interference with the plaintiff's contract and/or business relationship with QVC, a 24-hour cable TV channel that sells both plaintiff's and defendants' anti-tarnish jewelry boxes. Count II alleges unfair competition including misrepresentation under section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a) for making bad faith infringement

allegations to QVC. Counts III, IV, and V ask for a declaratory judgment of non-infringement, invalidity, and unenforceability of defendants' 6,412,628 patent of a carbon activated anti-tarnish cloth. The PCC defendants have moved for summary judgment on all five counts.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Howard v. Lear Corp. Eeds and Interiors, 234 F.3d 1002, 1004 (7th Cir. 2000); Mills v. Health Care Serv. Corp., 171 F.3d 450, 458 (7th Cir. 1999).* When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Day v. Colt Constr. & Dev. Co., 28 F.3d 1446, 1453 (7th Cir. 1994).*

Counts I and II allege causes of action for tortious interference with plaintiff's contract and/or business relationship and unfair competition. In order to succeed on a claim for tortious interference with a business relationship or a contract, a plaintiff must prove: 1) plaintiff had a reasonable expectation of entering into a valid business relationship or had a valid contract ; 2) the defendant had knowledge of the expectation or the contract; 3) the defendant purposely interfered with the realization of the business expectancy or contract; and 4) the plaintiff was damaged by defendant's interference. *Frederick v. Simmons Airlines, Incorporated, 144 F.3d 500, 502 (7th Cir. 1998); Mannion v. Stahlings & Co., Inc., 204 Ill.App.3d 179, 187-88; 561 N.E.2d 1134, 1139 (App. Ct. Ill. 1990).* Tortious interference claims may be based on bad faith accusations of infringement. *See Dow Chemical Co. v. Exxon Corp., 139 F.3d 1470, 1476 (Fed. Cir. 1998).* A plaintiff may prove bad faith by showing that the patent holder made infringement accusations that were false or that were made with disregard of whether they were true. *See Mikohn Gaming Corp. v. Acres Gaming, Inc., 165 F.3d 891, 897 (Fed. Cir. 1998).*

3

In order to succeed on a claim for unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. §1125 (a)), a plaintiff must prove: 1) the defendant made a false or misleading statement in an advertisement or promotion; 2) the misrepresentation actually deceived or is likely to deceive a substantial segment of the audience; 3) the misrepresentation involved a subject that is material to the decision to purchase the goods; 4) the statement related to goods entering into interstate commerce; and 5) the statement resulted in actual or probable injury to the plaintiff. *Zenith Electronics Corp. v. Xzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999). A §43(a) claim may be based on bad faith allegations of patent infringement. *Id.* at 1343-44.

In this case, we deny the motion for summary judgment because the record is replete with issues of material fact. Issues of material fact include, but certainly are not limited to: (1) whether the PCC defendants entered into a joint venture, and whether this makes them jointly liable for the torts of their joint venture; (2) whether PCC defendants made representations that the plaintiff's product infringed an existing anti-tarnish patent that caused injury to the plaintiff's business; and (3) if PCC defendants made the above representations, whether they were made in bad faith, an essential element to plaintiff's claims. Therefore, the PCC defendants' motion for summary judgment on Counts I and II is denied.

As to Counts III, IV, and V for declaratory judgment of non-infringement, invalidity, and unenforceability of defendants' 6,412,628 patent, the plaintiff does not contest the entry of judgment in favor of the PCC defendants on these counts because the PCC defendants neither own the patent nor have an exclusive license under it. These counts, however, will remain against the other defendant, Calgon Carbon Corporation, the owner of the patent. Therefore, PCC defendants' motion for summary judgment on Counts III, IV, and V is granted.

4

## CONCLUSION

For the foregoing reasons, the PCC defendants' motion for summary judgment (# 42-1) pursuant to Federal Rule of Civil Procedure 56 is granted in part and denied in part. Judgment is entered in favor of Defendants Product Concepts Company and Mark Schneider on Counts III, IV and V of Plaintiff's Complaint. The motion is denied in all other respects. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 16, 2003