Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7345 | **DATE** | 11/10/2003 |
| **CASE TITLE** | For Your Ease Only, Inc. vs. Calgon Carbon Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to compel answers to interrogatories and production of documents is granted in part and denied in part [131-1].

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 12 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 146 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 03 NOV 11 PM 6:23 | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. HB | | NOV 12 2003 date mailed notice | |
| hmb | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

FOR YOUR EASE ONLY, INC.,

    Plaintiff,

v.

CALGON CARBON CORPORATION and
PRODUCT CONCEPTS COMPANY and
MARK SCHNEIDER

    Defendants.

CALGON CARBON CORPORATION
    Counterclaim Plaintiff,

v.

FOR YOUR EASE ONLY, INC. and
LORI GREINER
    Counterclaim Defendants.

No. 02 C 7345
Magistrate Judge Nan R. Nolan

DOCKETED
NOV 1 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff For Your Ease Only, Inc. ("FYEO") moves to compel Defendant Product Concepts Company ("PCC") to respond to interrogatories and to produce documents. For the reasons stated below, FYEO's motion [131] is granted in part and denied in part.

## BACKGROUND

The factual background of this case has been set forth in previous decisions in this matter. *See For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 1989611 (N.D. Ill. Apr. 28, 2003), *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 21475905 (N.D. Ill. June 20, 2003); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 21920244 (N.D. Ill. Aug. 12, 2003); and *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 22169755 (N.D. Ill. Sept. 18,

146

2003). The Court assumes familiarity with those facts.

## DISCUSSION

Rule 26(b)(1) prescribes the scope of matters upon which a party may seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad. Saket v. American Airlines, Inc., 2003 WL 685385, *2 (N.D. Ill. Feb. 28, 2003). Trial courts have broad discretion over discovery matters. Rennie v. Dalton, 3 F.3d 1100, 1110 (7th Cir. 1993).

FYEO seeks discovery of information falling into several categories: (1) financial and other information relating to damages and the basis for PCC's claims; (2) information supporting contentions in PCC's counterclaims and defenses; and (3) communications with QVC and others on matters relevant to claims in this case. FYEO also requests responses to Interrogatory 15 to its First Set of Interrogatories and Document Requests 20-24. The Court addresses each category in turn.

### 1. PCC's Financial Information

PCC claims that its sales have been damaged by FYEO's tortious interference with QVC, and PCC seeks damages in excess of $15,000,000. FYEO seeks to discover: PCC's year-end financial statements and records (Doc. Req. 3); sales by PCC of Calgon products (Doc. Req. 6); cost information concerning products sold by PCC (Doc. Req. 25);[1] sales histories of defendants' anti-

---

[1] PCC's Response states that it is willing to produce cost information relating to products sold on QVC in response to Document Request 25, but PCC believes FYEO should produce its cost information. The production of FYEO's cost information is not before the Court, and the Court declines to address it. PCC shall produce its cost information relating to products sold on QVC.

tarnish products on QVC (Doc. Req. 26); quantities and dollar amounts of sales of all products sold to QVC and all products manufactured by Calgon (Interr. 12); damage information relevant to PCC's claim that FYEO violated 15 U.S.C. 1125(a) (Interr. 18).

With the exception of FYEO's request for PCC's year-end financial statements (Doc. Req. 3), PCC's Response does not dispute that the requested financial information is relevant to PCC's claim for lost profits and other damages. PCC's Response also fails to pursue most of the objections raised in its answers to these discovery requests. Rather, PCC responds that it has not produced the requested financial information because QVC has taken the position that the information is confidential and any production of the information would be a breach of the producing party's merchandising agreement with QVC. PCC states that it has proposed that the parties jointly approach QVC to obtain permission to exchange information found on certain QVC maintained vendor websites that contain all of the pertinent sales data requested by both parties, but FYEO has refused to jointly approach QVC. PCC asserts that the QVC vendor website information will satisfy almost all of FYEO's requests for financial documents. PCC further states that it has reached an agreement with QVC's counsel in which QVC will authorize release of the vendor website information so long as the parties show him what they intend to produce before he gives his final permission. PCC claims that it seeks to proceed and exchange this information, but FYEO refuses to agree to such an exchange.

The fact that QVC may have some responsive information does not relieve PCC of its obligation to respond to FYEO's discovery requests. Absent an agreement between the parties otherwise, PCC must furnish responsive information and documents available to it. FYEO has not agreed to PCC's proposal regarding the QVC vendor website exchange of financial information, and

thus, PCC has a duty to produce its own responsive financial records.[2]

With respect to FYEO's Document Request 3, PCC objects to producing year-end financial information on the ground that PCC's financial statements aggregate financial information concerning all of PCC's products, not just those at issue here. PCC states that because the profits on sales to QVC are not separately identified, the information in its year-end financials cannot be used to determine damages here. FYEO's Reply does not respond to PCC's relevancy objection to producing year-end financial records, and PCC's objection is sustained without prejudice to FYEO demonstrating relevancy.

## 2. **Basis for PCC's claims**

FYEO's Interrogatories 15-22 seek the factual basis and identity of all documents supporting PCC's counterclaims and affirmative defenses. FYEO complains that PCC's answers are incomplete because they merely regurgitate the deposition testimony of Lori Greiner, the President of FYEO. FYEO points out that PCC alleged bad faith in its answer filed four months prior to Greiner's deposition. FYEO states that PCC's answers "provide[] nothing responsive to our request which would be information PCC knew when it brought its counterclaim, nor any source other than the misquote of Ms. Greiner." FYEO Memo., p. 8. FYEO seeks answers to these interrogatories which include information other than Ms. Greiner's deposition.

PCC responds that it has already provided complete answers to FYEO's Interrogatories 15-20 and 22. PCC states that its answers included information it already knew which was confirmed by Greiner in her deposition and information regarding additional contacts it learned about for the first

---

[2] Both sides are directed to make good faith efforts to resolve any potential issues of confidentiality with QVC which may arise as a result of this production.

-4-

time in Greiner's deposition. Given PCC's response, the Court is unwilling to conclude that relevant information has been withheld. The Court cannot order PCC to produce information which it does not have. PCC has acknowledged its obligation to supplement prior responses if it becomes aware of additional responsive information. PCC has a duty to "seasonably amend" prior responses to interrogatories if it learns that the responses are in some material respect incomplete. Fed. R. Civ. P. 26(e)(2). PCC is reminded that as a general rule, if a party fails to amend a prior response to discovery as required by Rule 26(e)(2), that party "is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).[3]

PCC's Response does not discuss Interrogatory 21. Interrogatory 21 seeks the facts regarding PCC's contention that FYEO's claims against PCC are barred by the doctrine of unclean hands and the identity of all documents relating to such facts. PCC objected to the interrogatory on the ground that it is overbroad, unduly burdensome and requests information which is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. PCC does not pursue these objections in its Response, and the objections are overruled. PCC is ordered to answer Interrogatory 21.

---

[3] The Court notes FYEO's assertion that Calgon Carbon and QVC have provided emails either sent or received by PCC employees, and these documents were not produced by PCC. The Court also notes Mr. McDonald's discussion with Calgon Carbon's counsel at Dr. Alan Grint's deposition regarding the production of a set of Mr. Schneider's notes concerning a meeting involving the products in suit. Given the current record, the Court assumes these allegations, if true, concern isolated instances of noncompliance with the discovery rules.

### 3. Communications with QVC and Others on Matters Relevant to Claims in this Case

In Interrogatories 2, 8, 9, 10, 23 and 24 and Document Requests 18 and 19, FYEO seeks to discover details of discussions PCC had with QVC and other individuals concerning the claims in this case. Interrogatory 2 requested when PCC first became aware of FYEO's jewelry boxes. Interrogatory 8 requested information regarding the relationship between Calgon and PCC, and PCC's authority to talk to QVC. Interrogatory 9 requested any instructions received by PCC as to what PCC could communicate. Interrogatory 10 requested information concerning communications with QVC regarding Greiner, FYEO, and/or any of FYEO's products. Interrogatory 23 expanded on the information requested in Interrogatory 10 by including QVC conversations regarding Dan Greiner, the '628 patent, and the litigation. Interrogatory 24 requested information surrounding an April 21, 2003 meeting at QVC. Finally, Document Requests 18 and 19 sought all documents requested by, referred to or supporting all interrogatories.

PCC's answers to Interrogatories 2, 10, and 23 state, among other thing, that "on several occasions, in early 2002, Mark Schneider visited QVC's offices and was approached by several people, including employees of QVC and possibly vendors of QVC . . . ."[4] PCC's answer to Interrogatory 10 also refers to Schneider's communications with unnamed "representatives of QVC" on undisclosed dates. PCC's answers to Interrogatories 8 and 9 state that PCC "occasionally received oral instructions from Calgon Carbon requesting that they communicate with QVC on a variety of issues regarding the '628 patent," without providing further details.

---

[4] PCC's answer to Interrogatory 23 merely refers to the information it provided in response to Interrogatory 10.

FYEO argues that PCC has failed to provide meaningful responses to the above cited interrogatories and failed to provide documents relevant to the above interrogatories. The Court agrees. Fed.R.Civ.P. 33(b)(1) states: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Rule 33 was amended in 1993 "to emphasize the duty of the responding party to provide full answers to the extent not objectionable." Fed.R.Civ.P. 33(b) advisory committee's note. PCC's Response does not dispute that the information sought by FYEO through these interrogatories and document requests is relevant, but PCC has only partially answered FYEO's interrogatories. PCC's vague references to "several people" and "occasionally receiv[ing] oral instructions" are not sufficient. FYEO is entitled to know the dates of the communications, the identity of all documents associated with the communications, and the entirety of the communications. In the event PCC does not know the dates of the communications, the identity of the documents associated with the communications, and the entirety of the communications, it shall so state under oath.

Moreover, with respect to PCC's answers to Interrogatories 8, 9, 10, and 23, PCC has not complied with Rule 33(d) by sufficiently identifying the responsive documents. Rule 33(d) requires that the documents referred to be clearly identified. See Rule 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained."). PCC's answers to these interrogatories do not describe the responsive documents. Because PCC's answers fail to identify the responsive documents, PCC has not shown that the burden of ascertaining the answer is substantially the same for both sides. PCC is ordered to provide complete and thorough responses

to these interrogatories.

Interrogatory 24 seeks information concerning an April 21, 2003 meeting between QVC and PCC. PCC's Response states, among other things, that FYEO has not articulated how information concerning this meeting has "anything to do with its claims in this litigation." PCC Resp., p. 8. FYEO's Rely does not explain the relevancy of information concerning this meeting. Absent an explanation as to the relevance of this meeting to this matter, FYEO's motion to compel an answer to Interrogatory 24 is denied without prejudice.

4.      **Interrogatory 15 to FYEO's First Set of Interrogatories and Doc. Requests 20-24**

FYEO's Interrogatory 15 and Document Request 20 seek information concerning any claim brought by or against PCC related to deceit, deception, fraud, misrepresentation, infringement, business torts or contract breaches. FYEO states that this information will show that PCC knew its infringement threats were likely to cause QVC to pull FYEO's products. FYEO further states that Mark Schneider alluded in his deposition testimony to his knowledge of QVC pulling products when patent allegations are made. PCC states that the requests are overbroad. PCC does not object to providing information related to Schneider's statements to QVC regarding other products that may infringe on patented products sold by Schneider. PCC is ordered to produce this information and any other information related to PCC's knowledge of the likely effects at QVC of PCC's infringement threats.

With respect to FYEO's Document Requests 21-24, PCC states that it has informed FYEO that it "either responded to those requests with all of the information [it] had, or that [it] do[es] not have responsive information." PCC's Resp., p. 4. The Court has reviewed PCC's responses to these requests, and PCC's statement does not make sense. PCC objected to each of these responses and

provided no responsive information. Moreover, PCC did not state in response to any of these requests that it does not have responsive information. PCC is ordered to provide responsive information or affirmatively state that it does not have responsive information.

## **CONCLUSION**

For the reasons explained above, For Your Ease Only, Inc.'s Motion to Compel Answers to Interrogatories and Production of Documents is granted in part and denied in part.

ENTER:

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated:** 11/10/03