IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CALGON CARBON CORPORATION, ) <br> PRODUCT CONCEPTS COMPANY ) <br> and MARK SCHNEIDER, ) <br> ) | Civil Action No. 02 C 7345 <br><br> The Honorable Wayne Andersen <br><br> Magistrate Judge Nan Nolan |
| CALGON CARBON CORPORATION, ) <br> ) <br> Counterclaim Plaintiff, ) <br> v. ) <br> ) <br> FOR YOUR EASE ONLY, INC. and ) <br> LORI GREINER, ) <br> ) <br> Counterclaim Defendants. ) | |

**NOTICE OF MOTION**

TO: See attached Service List.

PLEASE TAKE NOTICE that on **December 16, 2003**, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Wayne Andersen, Room 1403, or any judge sitting in his stead, in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn, Chicago, Illinois, and then and there present the attached **Plaintiff's Motion to Stay Pending Reexamination**, true and correct copies of which are being served upon you, and move the Court for the entry of an order granting the relief therein requested.

Donald B. Levine, #01637355
Saskia Nora Bryan, #06255682
LEVIN & GINSBURG LTD.
180 North LaSalle Street, 22nd Floor
Chicago, IL 60601
(312) 368-0100

*Appearing Pro Hac Vice*
Daniel W. McDonald, #168580
Thomas R. Johnson, # 242032
Deakin T. Lauer, #0321515
MERCHANT & GOULD PC
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2215
(612) 332-5300

FOR YOUR EASE ONLY, INC.,
Plaintiff

By: _____
One of its attorneys

## CERTIFICATE OF SERVICE VIA FACSIMILE

I, Donald B. Levine, an attorney on oath, state that I caused a true and correct copy of this notice and the attached Plaintiff's Motion to Stay Pending Reexamination to be served upon the parties listed on the attached Service List by sending the same in envelopes directed to the addresses stated above, with required first-class postage prepaid, and depositing the same in a U.S. mail chute at 180 North LaSalle Street, Chicago, Illinois, before 4:00 p.m. on December 5, 2003

_____
DONALD B. LEVINE

## SERVICE LIST

Mr. Thomas Wettach
Mr. Gerald J. Iwanejko, Jr.
COHEN & GRIGSBY, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, Pennsylvania 15222-1319
Fax: (412) 209-1967
*Lead Counsel for Defendant Calgon Carbon Corporation*


Mr. Steven B. Varick
Ms. Laura A. Derouin
HOLLAND & KNIGHT LLC
131 South Dearborn Street
Chicago, Illinois 60603
*Local Counsel for Defendant Calgon Carbon Corporation*
Tel: (312) 263-3600
Fax: (312) 578-6666
Email: laura.derouin@hklaw.com


Mr. Donald A. Tarkington
Mr. Kenneth M. Abell
NOVACK and MACEY
303 West Madison Street, Suite 1500
Chicago, Illinois 60606
*Counsel for Defendants Product Concepts and Mark Schneider*
Tel: 312-419-6900
Fax: 312-419-6928

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FOR YOUR EASE ONLY, INC.,<br>Plaintiff,<br><br>v.<br><br>CALGON CARBON CORPORATION and<br>PRODUCT CONCEPTS COMPANY and<br>MARK SCHNEIDER<br>Defendants.<br><br>CALGON CARBON CORPORATION<br>Counterclaim Plaintiff,<br><br>v.<br><br>FOR YOUR EASE ONLY, INC. and<br>LORI GREINER<br>Counterclaim Defendants | Civil Action No. 02 C 7345<br><br>The Honorable Wayne Andersen<br><br>Magistrate Judge Nan Nolan |

**PLAINTIFF'S MOTION TO STAY PENDING REEXAMINATION**

### I.  INTRODUCTION

Plaintiff, For Your Ease Only, Inc. ("FYEO") and Counterclaim Defendant Lori Greiner, by and through their undersigned attorneys, hereby respectfully move to stay this lawsuit pending the outcome of the reexamination of the patent in suit by the United States Patent and Trademark Office ("PTO"). The relevant claims of Defendant Calgon Carbon Corporation's ("Calgon") U.S. Patent No. 6,412,628 ("the '628 patent") have been rejected over prior art cited by FYEO in its reexamination request. Calgon has chosen not to fight that rejection and instead has narrowed the claims in an effort to avoid the cited art.

Scope and validity of the claims of the '628 patent is central to every claim in this case. The reexamination of the '628 patent *will* result in this patent being either narrowed or invalidated.

Stay of litigation pending the outcome of reexamination proceedings before the PTO provides advantages to courts and litigants. The advantages include a simplification or possible elimination of counts at issue in the litigation. For example, staying the case now may save costly expert reports regarding patent infringement and damages, and related motions, making the case much simpler. Calgon's infringement claim may altogether disappear. Calgon's amendment of all the relevant claims in the '628 patent during reexamination proceedings precludes Calgon from obtaining damages for past infringement and may affect future damages as well. At a minimum, the record of reexamination will help this court to construe the claims, thereby reducing the complexity and issues in this lawsuit. Finally, the other parties to the suit will not be unduly prejudiced. Therefore, Plaintiff FYEO requests that this Court stay further proceedings pending the result of the reexamination.

### A. The Lawsuit Centers Around The '628 Patent.

Plaintiff, FYEO, brought this action for tortious interference and declaratory judgment of non-infringement and invalidity of the '628 patent. FYEO brought this suit as a result of continued groundless allegations of patent infringement communicated from joint venture partners Calgon and PCC to FYEO and its largest customer, the home shopping channel QVC. These allegations originally surfaced before Calgon's patent ever issued, but after FYEO secured business from QVC that Calgon wanted. On the verge of the critical holiday selling season, in a letter dated October 9, 2002, and sent directly to QVC, Calgon asserted that it would bring a suit for patent infringement, knowing this would cause QVC to automatically place a "hold" on selling FYEO's products. QVC then put a hold on selling FYEO's entire line of jewelry boxes. FYEO alleges that these allegations were baseless and timed with the intention of destroying FYEO's business.

Two days after Calgon's October 9th letter to QVC, FYEO sued Calgon, PCC, and Mark Schneider (PCC's principal) for tortious interference and declaratory judgment that FYEO does

not infringe the '628 patent and that the '628 patent is invalid. On the same day, FYEO filed a Request for Reexamination of the '628 patent with the U.S. Patent and Trademark Office ("PTO"), based on art known to Calgon before the patent issued. The PTO granted the request for reexamination on the claims. The PTO issued an Office Action on July 31, 2003 in which the Examiner rejected claims 1-7 and 9 (all the relevant claims of the ten-claim patent) as being anticipated by, or obvious in light of, U.S. Patent No. 5,869,009 to Bellefeuille et al. ("the Bellefeuille '009 patent") and a 3M product that the inventor and Calgon had in their possession before the patent application was even filed.

In Calgon's September 30, 2003 response to this Office Action, Calgon acquiesced to the rejection of the claims as issued. Instead of opposing the rejection, Calgon amended all of the original claims in the '628 patent. Calgon has also proposed five new claims. The reexamination proceeding is still pending and further amending, cancellation, and invalidation of the claims of the '628 patent is likely to occur.

### B. The Reexamination Procedure Eliminates And Narrows Issues For Trial.

Patent reexamination is a procedure by which any person can request that the PTO reexamine the patentability of a patent, which has not expired, on the basis of prior art patents or printed publications. 35 U.S.C. § 301, 302. Within three months of filing a Request for Reexamination the Commissioner will determine whether there exists a substantial new question of patentability. *Id.* at § 303. If, the Commissioner determines that the cited prior art raises a substantial new question of patentability, an order for reexamination will be made. *Id.* at § 304. In the present case the Commissioner determined that the prior art cited by FYEO raised a substantial new question of patentability and then ordered a reexamination of the '628 patent.

Once reexamination has been ordered, a Patent Examiner who is familiar with the technology will reexamine the patent with "special dispatch." 35 U.S.C. § 305; *Ingro v. Tyco Indus. Inc.*, 227 USPQ 69, 70 (N.D. Ill. 1985). When the reexamination is complete, the

Commissioner will issue an order that either affirms the validity of the patent, cancels the patent, or modifies the claims. 35 U.S.C. § 307.

When a patent is concurrently involved in litigation, a function of the reexamination procedure is to eliminate issues at trial or to facilitate trial of issues by providing the Court with the expert view of the PTO. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Bausch & Lomb Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996). This latter function is particularly important when a court, as here, must otherwise determine the significance of prior art without the benefit of the PTO's initial consideration of that art. *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985); *cert. denied*, 474 U.S. 828 (1985).

### C. A Grant Of Stay Pending Reexamination Is Particularly Appropriate In This Case.

The present case is a prime example of a case that would benefit from a stay pending reexamination of the patent-in-suit. "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). In deciding whether to order a stay, courts weigh the numerous benefits of a stay pending reexamination against undue prejudice or clear tactical disadvantage, if any, to the non-moving parties, the stage of the litigation, whether discovery is or will be almost completed, and whether the matter has been marked for trial. *See ASCII Corp.*, 844 F.Supp. at 1380. As shown below, those factors strongly favor a stay here.

### 1. The PTO's Rejection And Calgon's Concessions In Reexam Show That The Reexamination Will Dramatically Narrow The Issues In This Case.

The PTO has rejected the claims of the '628 patent in light of references that were not before it during the prosecution of the patent. Calgon acquiesced in this rejection by amending all of the original claims of the '628 patent to avoid the cited prior art. Therefore, the final results of the reexamination proceedings will surely be a set of claims that are substantively different

Page 4 of 8

from those in the original patent. This Court will not even have to address past infringement of those claims that no longer exist. At this point it is unclear whether any claims will issue in Calgon's patent at all, and the scope of any claims that might issue is unknown.

If a patent holder amends the claims of a patent in reexamination, the result is that the patent holder has no right to sue for past liability on the amended claims. *Fortel Corp. v. Phone-Mate, Inc.* 825 F.2d 1577 (Fed. Cir. 1987). When the PTO issues a final order under 35 U.S.C. § 307 on the reexamination of a patent, the effect of claims reissued in the order is governed by 35 U.S.C. § 252. *Id.* at 1579. The statute governing the effect of reissued patent claims, 35 U.S.C. § 252 states:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes *thereafter* arising, as if the same had been originally granted in such amended form, *but in so far as the claims of the original and reissued patents [**7] are identical*, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent. [Emphasis added.]

This paragraph of the statute bars liability for past damages where, as here, the claims are changed during reexamination, and therefore not identical to the originally-issued claims. The next paragraph also grants certain rights to accused infringers to make, purchase, or use anything covered by the reexamined patent in the future. Courts have held that that both paragraphs of § 252 are applicable to claims amended in reexamination. *See Fortel* 825 F.2d at 1579. The resulting effect is that no past liability for infringement can be found for claims in the reissued patent that are not substantively identical to the claims in the original patent and even future liability is in doubt.

Even if Calgon's patent is reissued in some form, Calgon's counterclaim of patent infringement will likely be moot. This is because Calgon has already amended all the relevant claims in the '628 patent. Because all relevant claims have already been amended and are not

substantively identical to the original claims, Calgon would have no right to sue for any infringement of the '628 patent prior to the reissue date. The final outcome of the reexamination is unclear. But the actions to date show that, one way or the other, the case is much different because of the reexamination.

### 2. A Stay Will Make Remaining Discovery And Motions Much More Efficient.

The decision by the PTO amending or canceling claims will define and possibly narrow the scope of fact and expert discovery. Although fact discovery is largely completed, the outcome of the reexamination process may well involve new claim language that will require additional fact discovery at a later date. Moreover, the expensive expert phase has not yet begun. If discovery were allowed to continue before the claims were reexamined, the parties would likely waste resources working with experts or consultants on infringement, invalidity, and damages, pursuing fact discovery, and negotiating and briefing claim construction issues relating to claims that are in the process of being amended. This waste would be avoided if the action were stayed pending the disposition of the reexamination. If the reexamination process made it unnecessary to litigate the patent infringement claim, both parties would benefit from a stay, as they would not need to perform further discovery related to damages and other issues. The outcome of the reexamination process will likely affect discovery on the other issues as well. All issues in the case are closely intertwined with the '628 patent.

The expert phase of discovery in a patent case is expensive. It would be in the best interests of all the parties and the Court to have the final word from the PTO regarding the claims of the '628 patent before beginning to incur expert discovery costs regarding the patent infringement claim by Calgon. Both parties, and this Court, are best served by the granting of Plaintiff's motion to stay as the claims of the '628 patent that are ultimately litigated, if any, may be fewer in number, and narrower in scope, than the original claims.

Although fact discovery is nearly completed FYEO has explained above that further fact discovery may be needed at a later date. In addition, the expert discovery, Summary Judgment, and Markman Hearing stages of the litigation have not yet commenced. It would be in the best interest of all the parties and the court to await the result of the reexamination before engaging in these phases of the litigation that are yet to come. A stay pending the result of reexamination is appropriate, even when fact discovery has been completed. *Bausch & Lomb Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996). The facts of *Bausch and Lomb* closely resemble those of the present case. In *Bausch and Lomb*, fact discovery was already completed and reexamination proceedings had already drawn into question the validity of the patent in suit. The Court stayed the proceedings pending reexamination stating "If this court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted." *Bausch & Lomb Inc.*, 914 F. Supp. at 953. A similar waste of time and efforts, of all the parties and the Court, would occur in the present case if a stay were not granted. For the reasons above, FYEO asserts that the grant of a stay pending the results of the reexamination proceeding is appropriate and beneficial to all parties and the court.[1]

### 3. A Stay Would Not Prejudice Either Party.

A stay would not prejudice any of the parties to this litigation. When deciding whether to grant a stay pending reexamination courts "generally consider whether doing so would cause undue prejudice or present a clear tactical advantage to the non-moving party" as one of the factors. *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). A stay would prejudice none of the parties to this litigation. In fact, all of the parties are likely to save money on experts and further motions. Moreover, as the results of the reexamination are likely to reduce possible issues for trial, a stay would make settlement of the

---

[1] FYEO believes that Calgon's amendments do not distinguish the claims from the prior art, and the amended claims will also be rejected. FYEO is also submitting a second reexamination request that provides additional prior art that, among other things, shows that Calgon's amended claims should be rejected. The Court need not address the merits of the new reexamination request, however, to find compelling reasons to grant a stay.

litigation more likely. Relieving the parties of litigation on any claim would be beneficial not prejudicial. A simplification or reduction of the issues in the litigation is a benefit to both parties, prejudicing none.

## II. <u>CONCLUSION</u>

The reexamination of the '628 patent and the results thereof are likely to simplify this litigation. Simplification of this litigation will save both parties money and will also save this Court time and expense. For these reasons, and the reasons above, this Court should grant Plaintiff FYEO's motion to stay further proceedings pending the result of the reexamination of the '628 patent.

Respectfully submitted,

FOR YOUR EASE ONLY, INC.,
an Illinois Corporation,
By its attorneys,

Date: 12/5/03

_____
Donald B. Levine, #01637355
Saskia N. Bryan #06255682
LEVIN & GINSBURG LTD.
180 North LaSalle,
22nd Floor
Chicago, IL 60601
(312) 368-0100

Daniel W. McDonald, #168580
Thomas R. Johnson, #242032
Deakin T. Lauer, #0321515
MERCHANT & GOULD PC
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
(612) 332-5300