**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 c 7345 |
| ) | |
| CALGON CARBON CORPORATION, ) | Wayne R. Andersen |
| and PRODUCT CONCEPTS ) | District Judge |
| COMPANY, and MARK SCHNEIDER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on plaintiff For Your Ease Only's ("FYEO") renewed motion for a turnover order pursuant to Federal Rule Civil Procedure 69(a). As judgment creditor on an underlying matter, FYEO claims that it is entitled to payments made by Home Shopping Network ("HSN") to Anewco, a successor company of the judgment debtors at issue in this matter. For the following reasons, the motion [386] is granted.

### BACKGROUND

In February 22, 2007, FYEO obtained a default judgment against Mark Schneider ("Schneider") and Product Concepts Company ("PCC") in the amount of $2.1 million for claims relating to the sale of anti-tarnish jewelry boxes. In April 2007, FYEO served HSN with a third-party citation order to discover assets of Schneider and PCC in accordance with Illinois law, 735 Ill. Comp. Stat. 5/2-1402 (2009). An accompanying citation notice listed one of Schneider's last known addresses as Sevenquest.

FYEO also filed a petition for an order restraining HSN from transferring any property to the judgment debtors, Schneider and PCC, or to "any entities standing in their shoes, including,

Sevenquest, LLC, Anewco." 4/20/07 Petition. The petition informed HSN that the change from PCC to Sevenquest, and finally to Anewco, was in name only and that FYEO believed the payments HSN owed to Anewco as of April 20, 2007 were assets of the judgment debtors that were subject to a lien under Illinois law. *Id.* At some point while this motion was pending before the court, HSN made two payments to Anewco for the purchase of the anti-tarnish jewelry boxes in the amounts of $84,856 and $297,360.

On November 13, 2007, this court denied FYEO's original motion for turnover regarding HSN's payments to Anewco. For an expanded history and more detailed discussion of this decision, this court's previous opinion can be found at *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2007 U.S. Dist. LEXIS 83744 (N.D. Ill. Nov. 13, 2007). However, the Seventh Circuit disagreed with this court and vacated the November 13, 2007 order. *See For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 560 F.3d 717 (7th Cir. 2009).

Although the Seventh Circuit embraced this court's finding that the asset at issue – the right to payments from HSN for the anti-tarnish jewelry boxes – was fraudulently transferred from judgment debtor PCC to Sevenquest, the Seventh Circuit disagreed with this court's finding of good faith and ultimately concluded that the subsequent transfer of this asset from Sevenquest to Anewco was not in good faith and was therefore voidable under Illinois law. *Id.* at 721-22. The Seventh Circuit then remanded this case "to decide whether HSN violated the citation by transferring the assets of PCC and Schneider to Anewco." *Id.* at 723.

## DISCUSSION

**A.      Motion for Turnover Standard**

The proper service of a citation to discover assets creates a lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which

thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 Ill. Comp. Stat. 5/2-1402(m) (2009).  If a third-party violates the restraining provision of the citation, the court may "enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.  735 Ill. Comp. Stat. 5/2-1402(f)(1) (2009).

The Seventh Circuit found that the transfer of the rights to payment from HSN for the anti-tarnish jewelry boxes from PCC to, ultimately, Anewco was voidable, and therefore, those rights are an asset of the judgment creditor.  It is, therefore, undisputed that HSN transferred assets belonging to the judgment debtor after the citation was served.  If this court finds that HSN was aware that the assets being transferred belonged to the judgment debtors, and thus violated the citation, HSN will be liable for the amount of the value of the property transferred.

**B.     The Termination Provision of Illinois Supreme Court Rule 277 and Stay Provision of Federal Rule 62 Do Not Affect the Outcome of this Case**

HSN contends that, even if it were liable to FYEO, it is shielded from liability because FYEO did not preserve its claimed right to HSN payments.  Specifically, HSN claims that the citation that had been served on HSN had terminated by the issuance of the order of this court pursuant to Illinois Supreme Court Rule 277, and/or FYEO did not seek a stay of judgment pending appeal under Rule 62 of the Federal Rules of Civil Procedure.  The court finds these arguments unpersuasive.

First, Illinois Supreme Court Rule 277 provides that a citation is terminated by an order of the court or terminates automatically six months from the date of respondent's first personal appearance pursuant to (1) the citation or (2) a subsequent process issued to enforce the citation.

Ill. Sup. Ct. R. 277. HSN claims that the court's November 13, 2007 order effectively terminated the citation. Regardless of the validity of this claim, the action which is currently in dispute – the transfer of money from HSN to Anewco – occurred well before that order was issued from this court, and within two months of the issuance of the citation, well before the six month deadline. The citation was clearly still in effect at the time of the transfer of assets from HSN to Anewco, and HSN was obliged to comply with the citation at that time.

Second, and for similar reasons, HSN's reliance on Federal Rule 62 also is misplaced. HSN claims that FYEO failed to preserve its claimed right to HSN payments because FYEO failed to "seek a stay of judgment pending appeal to protect its interest in the underlying property." *Duncan v. Farm Credit Bank of St. Louis*, 940 F.2d 1099, 1102 (7th Cir. 1991). When this court's November 13, 2007 order was issued, there were no payments to stay. The payments at issue had been made by HSN to Anewco several months prior to the original order of this court, and thus Rule 62 has no relevance here. Neither Federal Rule 62, nor Illinois Supreme Court Rule 277 prevents FYEO from seeking a judgment in the amount of the value of the property transferred while the citation preventing HSN from making those payments was still in effect.

C.      **HSN Violated the Citation When It Transferred Assets to Anewco**

HSN contends that it is not liable for the money paid to Anewco because, during the life of the citation, there was no judicial determination that HSN had possession of assets that belonged to the judgment debtors. A judicial determination is not a prerequisite for compliance with the citation. All that Illinois law requires to place a lien on the property is notice that the payments may be assets of the debtors. *See Schak v. Blom*, 777 N.E.2d 635, 639 (2002) ("Before

4

a judgment creditor may proceed against a third party who is not the judgment debtor, the record must contain some evidence that the third party possesses assets of the judgment debtor.").

The Seventh Circuit found that the "record does contain evidence indicating that HSN may have known that Anewco received the business from Schneider," but remanded this case to determine if HSN has any additional evidence that is pertinent. *For Your Ease Only, Inc.*, 560 F.3d at 723. Based upon all of the facts, the court finds that HSN was aware that the assets in question – the rights to payments by HSN for the anti-tarnish jewelry boxes – may have belonged to the judgment debtors and, therefore, violated the citation when it transferred those assets to Anewco.

Although Anewco was not specifically named in the citation notice, FYEO's petition for a restraining order, which was served on HSN with the citation, specifically spelled out that Anewco stood in the shoes of the judgment debtors. While HSN was not required to take FYEO's word for it, there is additional evidence indicating that HSN knew that Anewco received the business from Schneider. HSN understood that Sevenquest was owned by Schneider, a judgment debtor. The January 11, 2007 letter indicating that the rights to the HSN payments should be transferred from Sevenquest to Anewco was from Schneider. The merchandising contract filled out in January 2007 listing Anewco as the vendor indicated that the change was in name only. Additionally, HSN used the same vendor identification number and product identification number for Anewco as it had used for PCC and Sevenquest.

HSN's contention that it was commercially unreasonable, against public policy, and unfair to make HSN choose between defaulting on payments to Anewco and violating the citation was expressly rejected by the Seventh Circuit. *Id*. The Seventh Circuit identified that HSN had a third choice: it could have placed the money in a private escrow account or paid the

money into the registry of the court. *Id.* HSN was aware of this option because it was set forth in FYEO's petition for a restraining order. Yet, HSN rejected the escrow option, took a risk and transferred the money to Anewco. Based upon the evidence presented, it is clear that HSN was aware that the payments made to Anewco may have been assets of the judgment debtors. Therefore, when HSN issued payments to Anewco, it violated the citation.

**D.     FYEO Is Entitled to Costs but not Interest**

FYEO argues that it is entitled to interest related to HSN's failure to abide by the citation. We disagree. The court need look no further than 735 ILCS 5/2-1402(f)(1) which provides in relevant part: "The court may punish any party who violates the restraining provision of a citation as and for contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lessor." Notably absent is any reference to a judgment creditor's right to recover interest. This court declines to award FYEO any interest prior to the entry of this judgement. Prior to this Memorandum Opinion and Order, judgment had not been entered against HSN. Thus, FYEO has no basis which to seek post-judgement interest from HSN until the entry of this order.

FYEO also argues that it is entitled to costs associated with the enforcement of the citation. We agree. Illinois law provides that costs "shall be allowed, assessed and paid in accordance with the rules, provided that if the court determines, in its discretion, that costs incurred by the judgement creditor were improperly incurred, those costs shall not be paid to the judgement creditor." 735 ILCS 5/2-1402(h). Therefore, FYEO is entitled to costs.

**CONCLUSION**

Because the payments HSN issued to Anewco belonged to the judgment debtors, and HSN was on notice that Anewco was PCC's and Sevenquest's successor in interest, HSN violated the citation. For all of the reasons set forth in this court's Memorandum, Opinion and Order, FYEO's renewed motion for a turnover order [386] is granted, and judgment is entered in favor of FYEO and against HSN in the amount of $382,216, plus costs.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: October 6, 2009